# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

REPUBLICAN PARTY OF WISCONSIN and
BRIAN SCHIMMING,

        Plaintiffs,

v.

TONY EVERS, In his official capacity as Governor of
the State of Wisconsin,

MEAGAN WOLFE, In her official capacity as
Administrator of the Wisconsin Elections Commission,

and

JOSH KAUL, In his official capacity as Attorney
General for the State of Wisconsin,

        Defendants.

# COMPLAINT

NOW COME the above-named Plaintiffs, the Republican Party of Wisconsin and Brian Schimming, by their attorneys, Cramer Multhauf LLP, and complain and allege against the above-named Defendants as follows:

## NATURE OF THE ACTION

1. Under the U.S. Constitution, the Congress "may determine the time of choosing the [presidential] electors, and the day on which they shall give their votes; which day shall be the same throughout the United States." U.S. Const. art. II, § 1, cl. 4.

2. Following the 2020 presidential election, Congress passed the Electoral Count Reform Act ("ECRA") which altered the federally mandated date when the presidential electors for each state are supposed to meet to count their electoral votes for their state. Consolidated Appropriations Act 2023, H.R. 2617, 117th Cong., Division P, Sec. 106 (2022).

3. The date for when "The electors of President and Vice President of each State shall meet and give their votes" is "on the *first Tuesday* after the second Wednesday in December next following their appointment at such place in each State in accordance with the laws of the State enacted prior to election day." 3 U.S.C. § 7 (emphasis added).

4. Wisconsin law directly conflicts with 3 U.S.C. § 7 because current state law indicates that "The electors for president and vice president shall meet at the state capitol following the presidential election at 12:00 noon the *first Monday* after the 2nd Wednesday in December." Wis. Stat. § 7.75(1) (emphasis added).

5. For these reasons, Wis. Stat. § 7.75(1) is unenforceable and void.

## THE PARTIES

6. Plaintiff, Republican Party of Wisconsin ("RPW") is the principal political party focused on electing Republican candidates in the State of Wisconsin and is located at 148 E. Johnson Street, Madison, WI 53703.

7. Plaintiff, Brian Schimming, is the elected Chairman of the Republican Party of Wisconsin and resides in Dane County. He additionally has been nominated to serve as a presidential elector as defined in Wis. Stat. § 8.18 for the Republican Party of Wisconsin.

8. Defendant, Tony Evers, is the Governor of the State of Wisconsin and one of his core constitutional duties is to "take care that the laws be faithfully executed." Wis. Const. art. V, § 4.

9. Defendant, Meagan Wolfe is the Administrator of the Wisconsin Elections ("WEC"), and is Wisconsin's chief election official, Wis. Stat. § 5.05(3).

10. Defendant, Josh Kaul, is the Attorney General for the State of Wisconsin, and is required to defend the State of Wisconsin in all civil suits in which it is a party, Wis. Stat. §

165.25(1). The Attorney General also has prosecutorial power over any matters "in which the state or the people of this state may be interested." Wis. Stat. § 165.25(1m).

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States.

12. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1), because the Defendants reside in this district, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this claim have or will occur in this district.

## FACTS

13. "Every four years, millions of Americans cast a ballot for a presidential candidate. Their votes, though, actually go toward selecting members of the Electoral College, whom each State appoints based on the popular returns. Those few 'electors' then choose the President." *Ciafalo v. Washington*, 591 U.S. 578, 581 (2020).

14. "[T]he powers reserved to the States concerning Presidential electors cannot 'be exercised in such a way as to violate express constitutional commands.'" *Chiafalo v. Washington*, 591 U.S. 578, 608 (Thomas, J., concurring) (quoting *Williams v. Rhodes*, 393 U.S. 23, 29 (1968)).

15. On November 29, 2024, the Wisconsin Elections Commission certified that Republican presidential nominee Donald Trump and Republican Vice-Presidential nominee J.D. Vance won the State of Wisconsin with 1,697,626 votes, as compared to 1,668,229 votes for Democratic presidential nominee Kamala Harris and Democratic Vice-Presidential nominee Tim Walz.

3

16. The Wisconsin Elections Commission has certified the 10 presidential electors for Wisconsin as the 10 electors nominated by RPW, which are the following individuals: Katie Verzal, Julie Helmer, Hannah Testin, Doug Haag, Jim Schildback, Eric Toney, Angie Sapik, Charlotte Rasmussen, Brian Schimming, and Tommy Thompson.

17. A copy of that certification from the Wisconsin Elections Commission is available here: https://elections.wi.gov/sites/default/files/documents/Canvass%20-%20Presidential.pdf.

*Wisconsin Law on Meeting of Presidential Electors*

18. Wisconsin Stat. § 7.75(1), entitled "Presidential electors meeting," states, in part, that "The electors for president and vice president shall meet at the state capitol following the presidential election at 12:00 noon the first Monday after the 2nd Wednesday in December."

19. This statutory requirement appears to have been codified back in the 1930s to harmonize state and federal law. *See* § 1, ch. 364, Wis. Laws of 1937.

20. The Electoral Count Act of 1887 set the presidential elector meeting date for the first Monday after the second Wednesday in December. *See* Act of Feb. 3, 1887, ch. 90, 24 Stat. 373. This date remained in effect until the ECRA was passed in 2022. 3 U.S.C. § 7 (2020).

21. Wisconsin Stat. § 7.75(2) provides that "The presidential electors, when convened, shall vote by ballot for that person for president and that person for vice president who are, respectively, the candidates of the political party which nominated them under s. 8.18."

22. This statute clearly establishes that under state law presidential electors for the 2024 election are required to meet on Monday, December 16th, 2024.

*Electoral Count Reform Act of 2022*

23. Following the 2020 election disputes, Congress sought to make a variety of changes to modernize the outdated 1887 Electoral Count Act "to ensure that electoral votes tallied by Congress accurately reflect each state's public vote for President." *One Pager on Electoral Count Reform Act of 2022*, Office of Senator Susan Collins, https://www.collins.senate.gov/imo/media/doc/one_pager_on_electoral_count_reform_act_of_2022.pdf.

24. One of the provisions of the ECRA modified the federal statute that proscribes when presidential electors must meet to cast their electoral college votes. Consolidated Appropriations Act 2023, H.R. 2617, 117th Cong., Division P, Sec. 106 (2022).

25. Previously, the federal law identified the first Monday after the second Wednesday as the day when presidential electors were required to meet to cast their votes. 3 U.S.C. § 7 (2020).

26. The new statute states that "The electors of President and Vice President of each State shall meet and give their votes on the first Tuesday after the second Wednesday in December next following their appointment at such place in each State in accordance with the laws of the State enacted prior to election day." 3 U.S.C. § 7.

27. Therefore, for the 2024 election, the federally mandated date for the presidential electors to meet and vote is Tuesday, December 17, 2024.

28. This conflicts with Wis. Stat. § 7.75(1) which requires the electors to meet on the first Monday after the second Wednesday in December, which this year would be Monday, December 16, 2024.

### *Wisconsin Legislature Attempts to Rectify Conflict*

29. Recognizing this conflict, both chambers of the Wisconsin Legislatures introduced companion bills to bring state law back into harmonization with federal law after Congress passed the ECRA. *See* Wis. 2023 S.B. 852; Wis. 2023 A.B. 892

30. One of the elements of the bills would have required "the presidential electors to meet on the first Tuesday after the second Wednesday in December, rather than on the first Monday after the second Wednesday in December." Amendment Memo from Peggy Hurley, Senior Staff Attorney, Wisconsin Legislative Council, 1 (Feb. 15, 2024), https://docs.legis.wisconsin.gov/2023/related/lcamendmemo/sb852.pdf.

31. Neither of these bills passed out of the assigned committees, which has led to the current conflict between the federal and state statutes. *See* History, *Senate Bill 852*, WISCONSIN STATE LEGISLATURE (Dec. 4, 2024), https://docs.legis.wisconsin.gov/2023/proposals/sb852.

### *Wisconsin Stat. 7.75(1) Conflicts with Federal Law and is Unenforceable*

32. The Constitution and 3 U.S.C. § 7 must pre-empt Wis. Stat. § 7.75(1) because Congress retains the power under the Constitution to override state regulations on federal election procedures to ensure uniform rules for federal elections. *See RNC v. Wetzel*, 120 F.4th 200, 205 (5th Cir. 2024).

33. The U.S. Constitution vests in Congress the power to "determine the Time of chusing the Electors" for the offices of President and Vice President. U.S. Const. art. II, § 1, cl. 4.

34. Exercising that authority, Congress, through the ECRA, has changed the meeting date of the presidential electors to the first Tuesday after the second Wednesday in December. 3

U.S.C. § 7.

35. "The presidential electors exercise a federal function in balloting for President and Vice-President." *Ray v. Blair*, 343 U.S. 214, 224 (1952). And "They act by authority of the state that in turn receives its authority from the federal constitution." *Id*. at 224-25.

36. "[R]egulations made by Congress are paramount to those made by the State legislature; and if they conflict therewith, the latter, so far as the conflict extends, ceases to be operative." *Ex parte Siebold*, 100 U.S. 371, 384 (1879).

37. "[B]ecause federal elections did not exist prior to the formation of the federal government, the states' sole authority to regulate such elections 'aris[es] from the Constitution itself.'" *Gonzalez v. Arizona*, 677 F.3d 383, 392 (9th Cir. 2012) (quoting *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 805 (1995)).

38. If a state law "conflicts with federal law" in relation to federal election procedures, that state law is "void." *Foster v. Love*, 522 U.S. 67, 74 (1997).

39. The Electors Meeting Clause of the Constitution Art. II, § 1, cl. 4, grants Congress "'the power to override state regulations' by establishing uniform rules for federal elections, binding on the States." *See id*. at 69 (quoting *U.S. Term Limits*, 514 U.S. at 832–833).

40. Therefore, Wis. Stat. § 7.75(1), which requires presidential electors to meet on the first Monday after the second Wednesday in December, is inoperable and void because it conflicts with 3 U.S.C. § 7, which requires the presidential electors to meet on the first Tuesday after the second Wednesday in December.

*Plaintiffs' Concern about Violating Either State or Federal Law*

41. Plaintiff, RPW, is in the process of organizing its slate of presidential electors to cast their electoral college votes for President-Elect Donald J. Trump and Vice President-Elect J.D. Vance.

42. RPW has an interest in ensuring the votes of its assigned presidential electors are validly cast and will not be contested when Congress meets on January 6, 2025, to count the Electoral College votes. *See generally* 3 U.S.C. § 15.

43. If the presidential electors do not follow federal law for when they must cast their votes, then those votes could be contested. 3 U.S.C. § 15(d)(2)(B)(ii) (statute identifying grounds for objections to electoral votes).

44. RPW as the entity tasked with organizing the meeting of the presidential electors is concerned that advising its electors to meet in contravention of state law could result in civil damages against its staffers and appointed presidential electors. *See Penebaker v. Hitt,* 2022CV1178, Dane County Circuit Court (intentional tort suit against alternative presidential electors and their legal advisors).

45. Plaintiff, Brian Schimming, has been appointed a presidential elector by RPW and intends to participate in the meeting of the presidential electors.

46. There is an ongoing criminal prosecution initiated by the state Attorney General's office of individuals who advised an alternative slate of presidential electors following the 2020 Presidential election. *See State v. Troupis,* 2024CF1295, Dane County Circuit Court.

47. A credible threat of criminal prosecution satisfies the injury-in-fact requirement for Article III standing. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014).

48. Plaintiffs' claims are further addressable by this Court because they "personally would benefit in a tangible way from the court's intervention." *Warth v. Seldin*, 422 U.S. 490, 508 (1975).

49. Plaintiffs believe that 3 U.S.C. § 7 preempts the state law for when the presidential electors should meet, but remain concerned that if they act in contravention of state law, they could face criminal or civil penalties.

50. These harms are irreparable and imminent as the federal date for the presidential electors to meet as proscribed by 3 U.S.C. § 7—Tuesday, December 17—is coming up in a just a few days.

## CAUSE OF ACTION

### COUNT I: DECLARATORY RELIEF
### (Violation of 3 U.S.C. § 7)

51. Plaintiffs repeat and incorporate by reference herein the allegations set forth above.

52. The United States Constitution states that "Congress may determine the Time of chusing the Electors, and the Day on which they shall give their Votes; which Day shall be the same throughout the United States." U.S. Const. art. II, § 1, cl. 4.

53. Congress has identified that "The electors of President and Vice President of each State shall meet and give their votes on the *first Tuesday* after the second Wednesday in December next following their appointment at such place in each State in accordance with the laws of the State enacted prior to election day." 3 U.S.C. § 7 (emphasis added).

54. For the 2024 Presidential election, the members of the Electoral College must meet and give their votes on Tuesday, December 17, which is the first Tuesday after the second Wednesday of December.

9

55. Wisconsin Stat. § 7.75(1) identifies that the presidential electors must meet on the first Monday after the second Wednesday which would be Monday, December 16.

56. Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

57. A case or controversy is ripe for adjudication when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

58. The Defendants have declined to provide guidance to the Republican Party of Wisconsin as to their legal opinion on when the presidential electors should meet, and the Plaintiffs are uncertain as to how they should proceed with planning and coordinating the meeting of the presidential electors.

59. Plaintiffs have no other adequate remedy at law and will suffer serious and irreparable harm unless Defendants are enjoined from enforcing Wis. Stat. § 7.75(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court enter Judgment in favor of Plaintiffs and against Defendants as follows:

1. A declaratory judgment, pursuant to 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57, that the relevant parts of Wis. Stat. § 7.75(1) violate Art. II, § 1, cl. 4 of the Constitution and 3 U.S.C. §7;

2. A permanent injunction prohibiting Defendants from implementing and enforcing the relevant parts of Wis. Stat. § 7.75(1);

3. A temporary restraining order and preliminary injunction granting the relief specified above during the pendency of this action;

4. Plaintiffs' reasonable costs and expenses, including attorney's fees; and

5. All other preliminary and permanent relief that Plaintiffs are entitled to, and that the Court deems just and proper.

Dated this 6th day of December, 2024.

                        CRAMER MULTHAUF LLP
                        Attorneys for Plaintiffs,

                        By: *Electronically signed by Matthew M. Fernholz*
                             Matthew M. Fernholz (SBN: 1065765)
                             Charlie P. Hoffmann (SBN: 1129327)

CRAMER MULTHAUF LLP
1601 East Racine Avenue • Suite 200
P.O. Box 558
Waukesha, WI 53187-0558
(262) 542-4278
mmf@cmlawgroup.com
cph@cmlawgroup.com