IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

REPUBLICAN PARTY OF WISCONSIN
and BRIAN SCHIMMING,

    Plaintiffs,

v.                                    Case No. 24-CV-00867-JDP

TONY EVERS, MEAGAN WOLFE, and
JOSH KAUL,

    Defendants.

## BRIEF IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

## INTRODUCTION

This case arises from Plaintiffs' desire for a declaration that state law is preempted by a federal statute regarding when Wisconsin's presidential electors must meet to cast their votes. Wisconsin elections law directs presidential electors to meet and vote on Monday, December 16, 2024, while the federal Electoral Count Reform Act (ECRA), a 2022 law, requires presidential electors in all States to meet and cast their votes on December 17, 2024. Plaintiffs request a preliminary injunction declaring that ECRA controls, that state law is preempted, and that December 17, 2024, is the correct date for Wisconsin's presidential electors to meet. (Dkt. 2:3; 3:1.)

Plaintiffs have not demonstrated that they are entitled to the preliminary injunction they seek.

First, they are unlikely to succeed on the merits of their claim because the Court lacks jurisdiction over this case. Defendants agree that federal law preempts the state law at issue, so there is no live case or controversy for the Court to decide; Plaintiffs allege no injury traceable to Defendants' conduct or redressable by them; and there is no Article III jurisdiction for a declaration of preemption that amounts to a defense against a state law claim.

Second, Plaintiffs do not establish that they are likely to suffer irreparable harm without an injunction. There is no concrete risk of criminal prosecution, the harm they allege in the Complaint, or the other harms they speculate about, and they delayed in seeking relief.

## ARGUMENT

Plaintiffs seeking the extraordinary remedy of a preliminary injunction must demonstrate that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tip in their favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs fail to satisfy these standards.

## I. Plaintiffs are unlikely to succeed on the merits because the Court lacks Article III jurisdiction.

Plaintiffs' request for a preliminary injunction should be denied because they cannot show a likelihood of success on the merits. Defendants' brief in support of their motion to dismiss, filed concurrently with this brief, provides three independent reasons why the Court lacks Article III jurisdiction to decide this case. Without federal jurisdiction, Plaintiffs cannot succeed.

## II. Plaintiffs have not demonstrated that they will suffer irreparable harm absent an injunction.

Plaintiffs also cannot show that they will suffer irreparable harm if the preliminary injunction is denied.

### A. Plaintiffs' asserted harms are speculative.

To establish irreparable harm for purposes of a preliminary injunction, any conceivable injury is not adequate—and "speculative injuries do not justify this extraordinary remedy." *E. St. Louis Laborers' Loc. 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 704 (7th Cir. 2005). Plaintiffs' asserted harms—only one of which appears in the Complaint—are all speculative.

First, they contend that an ongoing constitutional violation constitutes irreparable harm as a matter of law. (Dkt. 3; 6 (citing *Abrahamson v. Neitzel*, 109 F. Supp. 3d 1055, 1058 (W.D. Wis. 2015)), and *Preston v. Thompson*, 589 F.2d 300, 303 n.3 (7th Cir. 1978)). But not every allegation of a constitutional violation fulfills the irreparable harm prong. *Burgess v.*

3

*Boughton*, 2017 WL 3638458, at *2 (W.D. Wis. Aug. 23, 2017). An ongoing constitutional violation is more likely to constitute harm when it directly relates to an individual's rights and well-being. *Minerva Dairy, Inc. v. Brancel*, 2017 WL 3575710, at *2 (W.D. Wis. Aug. 18, 2017). Here, Plaintiffs have not demonstrated a harm that directly relates to their own rights and well-being.

Second, Plaintiffs assert harms flowing from their choice about which date to meet on. (Dkt. 3:6–7.) They contend that this choice raises risks that electoral votes will be contested in Congress (Dkt. 3:2, 7); expose them to personal liability (Dkt. 3:7); or mean that the ballots will not reflect the results of the popular election in Wisconsin (Dkt. 3:6−7). These potential harms are entirely speculative.

Regarding a contest to their electoral votes, Plaintiffs provide nothing more than a bare assertion, not any detail about who is planning to raise such a claim or how. They say nothing about the Defendants' role in Congress's counting of electoral ballots and do not assert that Defendants would have any ability to ensure that Congress acts in a particular way.

Regarding potential criminal or civil liability, Plaintiffs allege nowhere that Defendants, or anyone else for that matter, might prosecute them. They do not identify any state criminal or civil law that meeting on the wrong day might cause them to run afoul of, much less assert that there is any impending risk of litigation or criminal charges. The Complaint's reference to the Attorney

4

General's criminal prosecution of people who advised Wisconsin's alternative electors following the 2020 election (Dkt. 1 ¶ 46) doesn't help them: this is not a situation where the legitimacy of the 2024 presidential electors is in question and there are no alternative electors who would vote for a candidate who was not certified as the winner of Wisconsin's presidential vote.

Plaintiffs also say that States have an interest in having their presidential electors reflect the will and choice of the citizens. (Dkt. 3:7.) But nowhere does their Complaint assert, much less offer a persuasive explanation of how, the ballots of the electors supporting President-Elect Trump would not be the ballots presented to and counted by Congress.

### B. Plaintiffs delayed in seeking relief.

Plaintiffs also do not demonstrate irreparable harm because they unreasonably delayed in bringing suit.

In considering whether a plaintiff has demonstrated irreparable harm, a court may consider the timing of the request for preliminary relief: "[a] long delay [in pursuing a preliminary injunction] may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction." *Finch v. Treto*, 82 F.4th 572, 579 (7th Cir. 2023) (quoting 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2948.1 (3d ed. 2022)).

Here, Plaintiffs assert that they did not unduly delay on the theory that the matter was not ripe until they knew that President-Elect Trump had won. (Dkt. 3:7–8.) That is incorrect. They knew that Wisconsin law was no longer consistent with federal law as soon as ECRA passed—the very reason why bills attempting to fix the inconsistency were introduced in the Wisconsin Legislature. (Dkt. 1 ¶¶ 29–31.) This issue would have been a question for whichever electors needed to meet this December.

Plaintiffs may have cared less about the problem before they knew that their candidate had prevailed, but that didn't make the legal issue unripe. It did not justify waiting to bring suit until days before the required presidential elector meeting. And, in any event, Plaintiffs knew President-Elect Trump won Wisconsin's presidential vote on election night, well before the official results were certified later in November.

Plaintiffs have not demonstrated that they will suffer irreparable harm if their requested preliminary relief is denied.

*******

When the injunction factors are considered together, it is clear that Plaintiffs are not entitled to the relief they seek: they cannot succeed on the merits and fail to demonstrate irreparable harm.

## CONCLUSION

For the reasons explained above, the Court should deny Plaintiffs' request for a preliminary injunction.

Dated this 11th day of December 2024.

                                        Respectfully submitted,

                                        JOSHUA L. KAUL
                                        Attorney General of Wisconsin

                                        <u>s/ Charlotte Gibson</u>
                                        CHARLOTTE GIBSON
                                        Assistant Attorney General
                                        State Bar #1038845

                                        Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 957-5218
(608) 294-2907 (Fax)
gibsoncj@doj.state.wi.us

***additional counsel for Governor*:**
States United Democracy Center
Christine P. Sun*
506 S. Spring St. #13308
Los Angeles, CA 90013
christine@statesuniteddemocracy.org
Tel: 615-574-9108

Zack Goldberg*
45 Main St., Suite 320
Brooklyn, NY 11201
zack@statesuniteddemocracy.org
Tel: 917-656-6234

*formerly*Pro Hac Vice* Application Forthcoming